1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 RICHARD L. STROHMETZ, | ) 1:10-cv-01036-AWI-JLT HC |
| 12 Petitioner, | ) FINDINGS AND RECOMMENDATIONS |
| | ) TO DENY PETITION FOR WRIT OF |
| 13 v. | ) HABEAS CORPUS  (Doc. 1) |
| 14 HECTOR RIOS, | ) ORDER DIRECTING THAT OBJECTIONS BE |
| | ) FILED WITHIN TWENTY DAYS |
| 15 Respondent. | ) |

16

17    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

18 pursuant to 28 U.S.C. § 2241.

19    **PROCEDURAL HISTORY**

20    Petitioner is in custody of the United States Bureau of Prisons ("BOP") serving a sentence of

21 87 months pursuant to a judgment of the United States District Court for two counts of bank robbery,

22 in violation of 18 U.S.C. § 2113(A).  (Doc. 11, Ex. 1).  At the time of filing of the petition, Petitioner

23 had been incarcerated at the United States Penitentiary, Atwater, California ("USP Atwater"), since

24 April 26, 2010.  (Id.).  At the time of the filing of the Answer, Petitioner's projected release date was

25 November 20, 2011.  (Id.).[1]

26

27    [1]According to the BOP website, Petitioner is now incarcerated at the Community Corrections Office, Seattle, Washington, with a projected release date of December 14, 2011.  The disciplinary infraction and subsequent hearing that form the basis of this petition both occurred while Petitioner was incarcerated at the United State Penitentiary, McCreary, Kentucky ("USP McCreary").  (Doc. 11, Ex. 1).

28

1    On June 19, 2010, Petitioner filed the instant petition, contending that the prison disciplinary

2  hearing conducted by Respondent on December 2, 2008, at which Petitioner was found guilty of a

3  disciplinary violation, i.e., possession of intoxicants, and sanctioned with, inter alia,  thirty days' of

4  disciplinary segregation, was illegal because it was not held within three days of the date Petitioner

5  received notice of the charges.  (Doc. 1).  Respondent's answer was filed on September 3, 2010.

6  (Doc. 11).  On September 21, 2010, Petitioner filed his Traverse.  (Doc. 12).  Respondent concedes

7  that Petitioner has exhausted his administrative remedies.  (Doc. 11, p. 2).

8                                         **JURISDICTION**

9    Relief by way of a writ of habeas corpus extends to a person in custody under the authority of

10  the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the

11  validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28

12  U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's

13  execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., United

14  States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984); Brown v. United States, 610 F.2d 672, 677

15  (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show

16  that his sentence is being executed in an illegal, but not necessarily unconstitutional, manor. See,

17  e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody

18  should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be

19  housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred

20  in determining whether petitioner could receive credit for time spent in state custody); Brown, 610

21  F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol).

22    Petitioner asserts that a prison disciplinary hearing that resulted in the loss of thirty days'

23  credits was not conducted in according with Respondent's own regulations because it was not held

24  within three days of the date Petitioner received notice of the charges.  Thus, Petitioner is

25  challenging the execution of his sentence, which is maintainable only in a habeas corpus proceeding.

26  Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990).  Furthermore, because Petitioner is challenging

27  the execution of his sentence at USP Atwater, and USP Atwater lies within the Eastern District of

28  California, Fresno Division, this Court has jurisdiction over the petition.  See Brown v. United

1  <u>States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

2  **FACTUAL BACKGROUND**

3  On November 4, 2008, an incident report was issued to Petitioner charging that, on the same

4  date, he had committed the prison disciplinary offense of possessing intoxicants. (Doc. 11, Ex. 2).

5  The intoxicants–approximately two gallons of a pink liquid with an alcohol content of .40–was

6  discovered during a search of Petitioner's cell. (<u>Id</u>.). The liquid was found inside a garbage can

7  under the lower bunk. (Doc. 11, Ex. 4). On November 21, 2008, the Warden at USP McCreary, D.

8  L. Stine, approved a memorandum regarding a "Time Extension For UDC Hearing" for Petitioner, in

9  which the Warden agreed with the Unit Manager's recommendation that, "[d]ue to institutional

10  lockdown the incident report could not be heard in the five day limit. The UDC is requesting [the

11  Warden's] permission to continue processing this incident report as the five day time limit has

12  elapsed." (Doc. 11, Ex. 3).

13  Subsequently, on December 2, 2008, the disciplinary hearing was held regarding the charge

14  of possessing intoxicants. (Doc. 11, Ex. 4). At the hearing, Petitioner admitting his guilt and

15  indicated that he would take responsibility for the intoxicants. (<u>Id</u>.). The hearing officer expressly

16  found that the hearing "was conducted beyond the fifth working day due to a lockdown. The

17  Warden gave his written authorization to conduct the hearing. It has been determined that this delay

18  did not prevent you from marshaling a defense on this charge or interfere with your due process

19  rights." (<u>Id</u>.). Based upon Petitioner's admission, as well as the evidence discovered in the cell

20  search and the guard's written report, the hearing officer concluded that Petitioner had committed the

21  prohibited act of possession of intoxicants. (Doc. 11, Ex. 4). Petitioner was sanctioned, inter alia,

22  with thirty days of disciplinary segregation suspended pending 180 days of clear conduct, and 120

23  days' loss of commissary privileges suspended pending 180 days of clear conduct. (<u>Id</u>.). Relying

24  upon various legal theories, Petitioner challenged the disciplinary hearing as unlawful up to and

25  including the national level, which, on July 7, 2009, rejected his final administrative appeal. (Doc.

26  11, Ex. 5).

27  **DISCUSSION**

28  Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be

1  diminished by the needs and objectives of the institutional environment.  <u>Wolff v. McDonnell</u>, 418

2  U.S. 539, 555, 94 S. Ct. 2963 (1974).  Prison disciplinary proceedings are not part of a criminal

3  prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  <u>Id</u>. at 556.

4  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a

5  prison.  <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* <u>Superintendent, etc. v. Hill</u>,

6  472 U.S. 445, 454-455, 105 S. Ct. 2768 (1984).

7      However, when a prison disciplinary proceeding may result in the loss of good time credits,

8  due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the

9  disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional

10  goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement

11  by the fact-finder of the evidence relied on and the reasons for the disciplinary action.  <u>Hill</u>, 472 U.S.

12  at 454; <u>Wolff</u>, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported

13  by "some evidence."  <u>Hill</u>, 472 U.S. at 455, *citing* <u>United States ex rel. Vatauer v. Commissioner of</u>

14  <u>Immigration</u>, 273 U.S. 103, 106 (1927).

15      Regarding the delay in conducting the disciplinary hearing[2], Respondent maintains that

16  proper procedures were observed in that the Warden issued a written authorization to conduct the

17  hearing beyond the five-day limit due to a prison lockdown.  Petitioner's Traverse alleges that the

18  lockdown lasted from 3:45 p.m. on November 13, 2008 through November 16, 2008, and that

19  normal operations resumed at 6 a.m. on November 17, 2008.  (Doc. 12, p. 1).  Thus, Petitioner

20  reasons that there was a 6 and one-half day window before the lockdown and a seven day window

21  after the lockdown during which the Unit Disciplinary committee ("UDC")  hearing could have been

22  conducted, and that, in any event, twelve business days elapsed after the issuance of the Warden's

23  memorandum before the hearing was held.  Petitioner argues that, under any of these scenarios, the

24  UDC hearing could have been held in conformity with the regulations but was not, and therefore the

25

26  [2]In his administrative appeals, Petitioner had raised various objections to purported violations of prison disciplinary hearing rules and regulations.  However, in the instant petition, Petitioner raises the single issue of the delay in conducting

27  the hearing.  Moreover, the evidence clearly indicates that, at the hearing, Petitioner waived his right to call witnesses, that he had no documentary evidence to present on his behalf, that he chose to have and was given a staff representative, and that

28  he was provided with a copy of the written report.  (Doc. 11, Ex. 4).  Therefore, the Court need not address whether Petitioner's due process rights were violated as to any facet of the hearing except for the alleged delay.

1   results should be set aside.  (Id.).  The Court disagrees.

2       The BOP's own regulations provide the following regarding a UDC hearing:

3       Each inmate so charged is entitled to an initial hearing before the UDC, ordinarily held
        within three work days from the time staff became aware of the inmate's involvement in the
4       incident.  This three work day period excludes the day staff became aware of the inmate's
        involvement in the incident, weekends, and holidays.

5

6   28 C.F.R. § 541.15(b)(2009).  Additionally, "UDC may extend time limits imposed for good cause

7   shown by inmate or staff and document in hearing record."  28 C.F.R. § 541.15(k).  Finally, BOP

8   policy also requires that the Warden must approve a hearing extension of more than five days after

9   the incident, that the inmate must be advised in writing of the extension and reasons, and that this

10  written authorization should be included in the UDC record.  (Doc. 11, Ex. 4, Program Statement

11  5270.08, chap. 6, p. 5).

12      On its face, then, 28 C.F.R. § 541.15(b) provides only that a hearing is *ordinarily* to be held

13  within three working days.  In formulating such a regulation, the government implicitly

14  acknowledges that there will be situations when the hearing cannot be held within three days of the

15  incident.  Further, the BOP's regulations provide that when the extension of time for the hearing

16  exceeds five days, the Warden must provide written authorization.  It is undisputed that this

17  requirement was satisfied here.  Petitioner's arguments notwithstanding, there is nothing in the

18  BOP's regulations that suggests, much less requires, that the three-day requirement of 8 C.F.R. §

19  541.15(b) is re-triggered once the Warden issues his written authorization under Program Statement

20  5270.08.  Indeed, it appears that the regulations are silent regarding that eventuality.

21      But even were that not so, Petitioner's claim fails to state a claim for habeas relief because

22  the claim is predicated entirely upon a purported violation of BOP policy rather than federal due

23  process.  "The process which is due under the United States Constitution is that measured by the [D]

24  [P]rocess [C]lause, not prison regulations."  Brown v. Rios, 196 Fed. Appx. 681, 682, 2006 WL

25  2666058 at *2 (10th Cir. Sept. 18, 2006)(unpublished); Longstreth v. Franklin, 2007 WL 2068640

26  (W.D. Okla. July 17, 2007); Wilson v. Wrigley, 2007 WL 2900216 (E.D. Cal. Oct. 4, 2007); see

27  Sandin v. Conner, 515 U.S. 472, 481-482, 115 S.Ct. 2293 (1995)(prison regulations are "primarily

28  designed to guide correctional officials in the administration of a prison" and are "not designed to

1  confer rights on inmates").  As mentioned, those due process rights are narrowly limited to prior

2  notice of the charges, an opportunity for the inmate to speak in his own defense and call witnesses,

3  and a written statement of the decision.  The Constitution does not require that prison officials

4  comply with their own more generous procedures or time limitations.  <u>Wilson v. Wrigley</u>, 2007 WL

5  2900216, *1 (citing <u>Walker v. Sumner</u>, 14 F.3d 1415, 1419-1420 (1994), *abrogated on other*

6  *grounds by* <u>Sandin</u>, 515 U.S. 472).

7       In short, for purposes of establishing entitlement to habeas relief, it is not enough that

8  Petitioner could establish that BOP violated its own rules and regulations; rather, Petitioner must

9  establish that the BOP denied him his due process rights as guaranteed under <u>Wolff</u> and <u>Hill</u>.  <u>Wilson</u>

10  <u>v. Wrigley</u>, 2007 WL 2900216, *1; <u>Longstreth</u>, 2007 WL 2068640, *3 n. 4.  It is undisputed that all

11  of those procedural due process safeguards were met in this case.  <u>Wolff</u> and <u>Hill</u> do not mandate any

12  UDC hearing, so, obviously, they do not require that a UDC hearing be held within any specified

13  time in order to meet the constitutional demands of the due process clause.

14       For the foregoing reasons, the Court concludes that the instant petition fails to state a claim

15  for which habeas corpus relief can be granted and therefore should be denied with prejudice.[3]

16  **RECOMMENDATION**

17       Accordingly, the Court RECOMMENDS that Petitioner's Petition for Writ of Habeas Corpus

18  (Doc. 1), be DENIED.

19       This Findings and Recommendation is submitted to the United States District Court Judge

20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

21  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

22  twenty (20) days after being served with a copy of this Findings and Recommendation, any party

23  may file written objections with the Court and serve a copy on all parties.  Such a document should

24  be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

25

26      [3]Respondent has raised four arguments in opposition to the petition, i.e., failure to state a claim, BOP's compliance
27  with its own regulations, Petitioner's due process rights were satisfied, and Petitioner has failed to assert any injury.  The
second and third contentions appear to be variations of the primary contention that the petition fails to state a claim for habeas
relief, and the Court construes them as such.  As to the argument that Petitioner has failed to allege an injury, the Court need
28  not address this contention in light of the Recommendations herein that the petition fails to state a claim for habeas relief.

Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 13, 2011**                                    **/s/ Jennifer L. Thurston**
                                                                                 UNITED STATES MAGISTRATE JUDGE